**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **FREDDIE DUNNING, JR. and** ) | |
| **PAULETHEA DUNNING,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 2:18-CV-1156- KOB** |
| ) | |
| **GHS INTERACTIVE SECURITY, LLC;** ) | |
| **And PRESTON BURNETT,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the court on Plaintiffs' Motion to Remand. (Doc. 7). Plaintiffs

Freddie and Paulethea Dunning filed this lawsuit against Defendants GHS Interactive Security,

LLC ("GHS") and Preston Burnett in the Circuit Court of Jefferson County, Alabama. GHS filed

a Notice of Removal to this court on July 25, 2018, asserting diversity jurisdiction. (Doc. 1).

For the reasons stated below, this court concludes that Defendant GHS has not met its

burden of establishing its own citizenship and so has not met its burden of establishing complete

diversity of citizenship. Thus, this court GRANTS Plaintiffs' Motion to Remand and

REMANDS this case to the Circuit Court of Jefferson County, Alabama.

### I.  Standard of Review

Consistent with the limited nature of federal jurisdiction, the party seeking a federal

venue must establish federal jurisdictional requirements. *See Lujan v. Defenders of Wildlife*, 504

U.S. 555, 561 (1992). In the removal context, the removing defendant must establish the court's

jurisdiction. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). Because removal

statutes are strictly construed against removal, *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S.

100, 108 (1941), doubts about jurisdiction are generally resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir.1999) ("A presumption in favor of remand is necessary because if a federal court reaches the merits of . . . a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.").

## II. Factual Background

The Dunnings brought this claim against GHS, a limited liability company, alleging breach of contract, fraud, negligence, and wantonness related to the sale and installation of a fire and burglary alarm system. The Dunnings have also joined one named natural person, Preston Burnett, as well as eight fictitious parties.[1] GHS's membership is comprised of ten members: six natural persons; two corporations; and two "entities." (Doc. 12-5, at 2).

## III. Discussion

GHS removed this case on the basis of diversity jurisdiction. Plaintiffs have not disputed that the claim value exceeds $75,000; so, the sole question before the court is whether Defendant has sufficiently established complete diversity.

For diversity purposes, a limited liability company is a citizen of any state of which a member of the limited liability company is a citizen. *Rolling Green MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.). When a member is itself an entity, the limited liability company is a citizen of any state in which its entity-member is a citizen. *See Purchasing Power, LLC v. Bluestem Brand, Inc.*, 851 F.3d 1218, 1221 (11th Cir. 2017). A corporation is a citizen of its state of incorporation as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

---

[1] Of course, fictitious parties play no role in determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

In Defendant's notice of removal, it asserted only that "Defendant is a Limited Liability Company organized under the laws of the State of Delaware, maintaining its principal place of business in Woodland Hills, California." (Doc. 1, at ¶ 13). Plaintiff's Motion to Remand correctly noted that Defendant failed to allege the citizenship of its members. (Doc. 7, at 4). Defendant responded by identifying its ten members, which included several individuals and corporations. (Doc. 12-5, at 2). But Defendant also identified two members as "entities":

> 2. Addington Square OID is an entity organized under the laws of the Cayman Islands and has no place of business of any kind, principal or otherwise, located in the State of Alabama.
> 3. AB PCI Middle Market OID is an entity organized under the laws of the State of Delaware and has no place of business of any kind, principal or otherwise, located in the State of Alabama.

(Doc. 12-5, at 2).

By failing to identify the entity type for two of its members, GHS has failed to establish these members' citizenship. *See Smart Alabama, LLC v. Sompo Japan Ins. Co. of Am.*, No. 2:18-cv-141-MHT, 2018 WL 1321040, at *1 (M.D. Ala. March 14, 2018). Delaware and the Cayman Islands recognize several different types of entities. Knowing the entity type helps establish citizenship, as different rules for citizenship apply to different entity types, and this court cannot guess which type of entity Defendant GHS's members are. If the two unclassified entities are of a type whose citizenship is not based on place of organization and principal place of business, Defendant has not satisfactorily established the citizenship of its members. Thus, without identifying the entity types of two of its members, Defendant has not met its burden of establishing the citizenship of those two members. Failing to establish the citizenship of all ten of its members, GHS fails to sufficiently establish its own citizenship and therefore fails to meet its burden to show complete diversity.

### IV. Conclusion

For the reasons discussed above, this court GRANTS Plaintiff's Motion to Remand and

REMANDS this case to the Circuit Court of Jefferson County, Alabama. Because the reasons

discussed above are adequate grounds to remand this case, the court expresses no opinion on the

other issues Plaintiff's Motion to Remand raises.

**DONE** and **ORDERED** this 7th day of November, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE